IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA,<br><br>    Plaintiff<br><br>vs.<br><br>ERIE COUNTY PRISON,<br>AMBER CHAFFE,<br>MICHAEL HOLAMAN,<br>DEPUTY WARDEN BRYANT,<br><br>    Defendants | Case No. 1:19-cv-00168 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION AND ORDER ON<br>ON PLAINTIFF'S MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>OR PRELIMINARY INJUNCTION<br>(ECF NO. 22) |

I.  Introduction

Plaintiff Jhen Scutella (Scutella), an inmate presently incarcerated in the Erie County Prison (ECP), has filed this action, pro se, against the ECP and three individuals who work at the ECP.[1] *See* ECF No. 11 (Amended Complaint). Scutella has also filed a motion for "injunction and/or TRO," which this Court construes as a motion for a preliminary injunction or temporary restraining order pursuant to Federal Rule of Civil Procedure 65. ECF No. 22. The Parties have consented to the jurisdiction of a United States Magistrate Judge in this case, including the entry of final judgment. *See* ECF No. 29, ECF No. 30. *See also* 28 U.S.C. § 636(c)(1). For the reasons discussed below, Scutella's motion is DENIED.

II. Discussion

Scutella's motion requests a temporary restraining order and preliminary injunction ordering Defendants to provide him with expanded access to the law library at the ECP. He alleges that inmates are only permitted one hour of law library time once a week, unless they are pro se litigants

---

[1] Defendants have filed a Motion to Dismiss the Amended Complaint. ECF No. 20.

in which case they are afforded more time. ECF No. 22 at p. 1. Scutella asked to be placed on the pro se list, but his request was rejected because he has court-appointed counsel for his criminal case. He argues that he has three motions to dismiss filed against him at this case number and needs the additional time to research, given that the court-appointed counsel is for his criminal case, not the instant civil action.[2] *Id.*

Temporary restraining orders and preliminary injunctions are governed under the same standard. The party seeking such relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. *Opticians*, 920 F.2d at 192 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). Further, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994)

---

[2] There is one pending motion to dismiss at this case number, ECF No. 20.

2

(quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *United States v. Stazola*, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI*, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno*, 40 F.3d at 655.

Scutella's motion relates that inmates at the prison are afforded law library access depending on whether they have counsel or not. Inmates who have counsel are permitted to visit the law library once a week (on Wednesdays) for one hour. ECF No. 22, p. 1. Scutella claims that prisoners who are proceeding pro se are entitled to "more," although Scutella does not indicate how much more time they are afforded. *Id.* The Defendants maintain that because Scutella has a lawyer for his criminal case, he is "counseled" and therefore only permitted to visit the library one hour per week. ECF No. 28, p. 1. Neither party has submitted a copy of this policy or explained the criteria prison officials use to differentiate between counsel for criminal and civil cases when apportioning law library time. Nor does the record contain any information from which it can conclude that Scutella's criminal attorney is assisting him in his numerous civil cases against the Defendants, including this action. This Court's docket does not indicate that Scutella is represented by counsel in the instant action.

Be that as it may, Scutella fails to show a likelihood of success on the merits or irreparable harm. Prisoners have no "freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, "prisoners must be afforded the availability of either 'adequate law

3

libraries or adequate assistance from persons trained in the law,' in order to exercise their right of court access." *Mitchell v. Wierda*, 377 Fed. Appx 143, 145 (3d Cir. 2010) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The right of access to the courts, however, is not unlimited. "Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent 'actual injury' by hindering his efforts to pursue such a claim or defense." *Ward v. Aviles*, 2012 WL 2341499, at *2 (D.N.J. June 18, 2012). Scutella admits that he has been afforded weekly access to a law library and does not allege that this "minimum access" has or will injure him in the future. *See Ward*, 2012 WL 2341499, at *3 (concluding that incarcerated plaintiff could not show a likelihood of success for access to the courts claim based on the arguments that his requests for more time in the law library were denied). He claims only that he requires more time to respond to the pending motions to dismiss. Thus, he has failed to establish irreparable harm.

A TRO or preliminary injunction is not a vehicle to be used "simply to eliminate the possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Here, although Scutella's response to the Defendants' motions to dismiss is now past due (it was to have been filed by March 5, 2020), he may yet file a motion for extension of time. *See* ECF No. 23. There is no question that "[p]rison officials may place reasonable restrictions on the inmates' use of prison law libraries, provided those restrictions do not interfere with the inmates' access to the courts." *Biggins v. Delaware*, 2018 WL 1885666, at *2 (D. Del. Apr. 19, 2018) (denying a TRO request based on insufficient law library time) (citing *Nevarez v. Hunt*, 770 F. Supp. 2d 565, 567 (W.D.N.Y. 2011)). Scutella has not alleged that his inability to use the law library caused him to suffer any injury. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that a violation of the First Amendment right of access to the courts is only established where a litigant demonstrates that she was actually injured by the alleged denial of access). Even more critically, Scutella does not allege that he is currently being prevented from using the law library. *Boyd*, 2017 WL 1904278, at *3

4

(injunctive relief is appropriate only where a threat of harm is immediate and present, rather than based on past harm).

The Court observes that, in the event Scutella needs additional time to prepare his response given the paucity of library time, he need only file a motion for an extension. The Court is generally receptive to granting an extension of time to respond to a motion to dismiss, within reason, where a pro se plaintiff needs more law library to complete his response. *See, e.g., Camps v. Lyons*, 1990 WL 40881, *2 n.3 (E.D. Pa. Apr. 4, 1990) (refusing to dismiss complaint given plaintiff's allegation of a denial of sufficient law library time). Thus, at this point, any harm is speculative, at best.

Scutella's claim could be read as alleging retaliation. Scutella argues that by limiting his time in the law library, the prison has somehow interfered with his "ability to prosecute his claims against the Defendants." ECF No. 22, pp. 1-2. To the extent this could be construed as a claim of retaliation, Scutella is also unlikely to succeed on the merits. He must show that (1) his conduct was constitutionally protected; (2) he suffered an adverse action by prison officials; and (3) his protected conduct was a substantial or motivating factor in the adverse action. *Brightwell v. Lehman*, 637 F.3d 187, 195 (3d Cir. 2011). Scutella's retaliation claim is unlikely to succeed because he cannot establish that he has suffered an adverse action. He has not been prevented from using the law library nor, as the Court has indicated, has the pending motion to dismiss been decided without benefit of his response in opposition. Indeed, the Court will consider any response he may file, provided he files it within a reasonable time. Thus, any retaliation claim is unlikely to succeed.

Finally, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the

motion for a preliminary injunction." *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A request for injunctive relief must, therefore, be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Here, the matters of which Scutella complains in his instant motion are not of the same character as those that are the subject of his Amended Complaint.

Consequently, Scutella cannot establish the elements for preliminary injunctive relief or a temporary restraining order and the motion for such injunctive relief is DENIED.[3]

III. Conclusion

Scutella's motion for injunctive relief [ECF No. 22] is DENIED.

Entered and Ordered this 9th day of March, 2020.

 _____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[3] Scutella filed an additional motion for injunctive relief at this case number. *See* ECF No. 31. This motion is almost identical to a motion for injunctive relief filed in another of Scutella's case at docket number 19-cv-0245, ECF No. 50. The Court will address this motion by separate Order.

6